UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ANTHONY DEAN WATSON,

                Defendant.
_____/

Case No. 1:22-cr-20187-15

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER**

In October 2022, the magistrate judge ordered Defendant Anthony Dean Watson to be detained pending trial. He now seeks revocation of the detention order, arguing that he should be released on bond because he does not pose a danger to the community and is not a flight risk.

The question presented is whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community based on such factors as the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of Defendant, and the nature and seriousness of the danger posed by his release.

**I.**

On September 7, 2022, Defendant Anthony Dean Watson was indicted by second superseding indictment for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), and unlawful use of a communication facility, 21 U.S.C. § 843(b). ECF No. 176.

On October 12, 2022, Magistrate Judge Patricia T. Morris held a detention hearing and ordered that Defendant be detained until trial, finding that no conditions of release could reasonably assure the safety of the community. ECF No. 235.

Defendant now argues for release on bond, asserting the evidence against him is "slight," his criminal history is not "significant," and he does not pose a danger to the community or a risk of flight. ECF No. 361 at PageID.1194–96.

## II.

The district court reviews a magistrate judge's pretrial detention order *de novo*, making an independent determination of the proper pretrial detention or conditions for release. *United States v. Amir*, No. 1:10-CR-00439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). The court need not defer to the magistrate judge's conclusion or start from scratch yet must do some independent review of the decision. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

If, as here, the defendant is charged with an offense an offense under 18 U.S.C. § 924(c) or an offense that has a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substance Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the community's safety. 18 U.S.C. § 3142(e)(3)(A)–(B). In determining whether certain such conditions exist, the court must consider the four factors outlined in 18 U.S.C. § 3142(g).

Nature and Circumstances of the Offense Charged. In 2021, federal agents began investigating a suspected drug-trafficking conspiracy and wiretapped codefendants' cell phones. ECF No. 398 at PageID.1465. As a result, agents learned that Defendant "obtained controlled

- 2 -

substances" from a codefendant. *Id.* Thus, on May 5, 2022, agents searched Defendant's house and found two firearms, 49.8 grams of suspected crack, 122.2 grams of suspected cocaine, and a Pyrex dish used to cook cocaine into crack. ECF No. 398 at PageID.1465. True, Defendant was not present during the search, but he "confirmed to pretrial services that he resided at the [house]," two people who "occasionally stay[ed]" there were present during the search, and one of them told officers that Defendant owned the firearms and sold marijuana and cocaine. *Id.* at PageID.1466; *see also* ECF No. 361 at PageID.1194.

The substantial quantities of cocaine found in Defendant's house suggest the potential for widespread distribution, and the presence of firearms in the context of drug trafficking further escalates the level of danger associated with the offense. So, this factor weighs against release.

Weight of the Evidence. This factor also favors detention, despite Defendant's conclusory assertion that the weight of the evidence against him is "slight." ECF No. 361 at PageID.1194. Importantly, this factor relates to the weight of the evidence of a defendant's dangerousness and risk of nonappearance, not the weight of evidence of his guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). But Defendant's analysis disputes the evidence of his guilt, not the evidence of his dangerousness. *See generally* ECF No. 361 at PageID.1194.

The weight of the evidence here—a large quantity of drugs and two firearms found in Defendant's house—suggests Defendant is a danger to the community. This is especially true because he continued to distribute drugs *after* the drugs and firearms were seized from his house on May 5, 2022. ECF No. 398 at PageID.1466. Moreover, Defendant's previous fleeing-and-eluding charges suggest he is a flight risk, despite his conclusory assertion otherwise. Thus, the weight of the evidence weighs in favor of detention.

<u>History and Characteristics of the Defendant</u>. Defendant asserts his criminal history is not "significant." ECF No. 361 at PageID.1195. But this conclusory statement is at odds with his *eight* pending criminal cases at the time of his arrest, which included charges for possession of weapons and fleeing and eluding. *Compare id.*, *with* ECF No. 398 at PageID.1466. Defendant adds that some of these cases have been dismissed or "resolved with a probationary sentence." ECF No. 361 at PageID.1195. But, as the Government points out, the outcomes of these other criminal charges do not change Defendant's alleged drug trafficking *while on bond* for other offenses, which heavily weighs against release.

<u>Nature and Seriousness of the Danger Posed</u>. The danger of Defendant's potential release is significant. His continued drug trafficking—while on bond for other criminal offenses—endangers the community. *See United States v. Morgan*, No. 1:09-CR-20254, 2023 WL 2072084, at *5 (E.D. Mich. Feb. 17, 2023) ("Society as a whole is the victim when illegal drugs are being distributed in its communities." (quoting *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008))).

For those reasons, this Court finds that no conditions of release will reasonably assure Defendant's appearance or the safety of the community. So, Defendant's Motion for Revocation of Detention Order will denied, and he will remain detained until trial.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Revocation of Detention Order, ECF No. 361, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: July 14, 2023                     s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

- 4 -